UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ITALO T. SANDERS,

        Petitioner,

v.                                   Case No. 21-C-563

UNITED STATES OF AMERICA,

        Respondent.

---

### DECISION AND ORDER DENYING PETITIONER'S
### MOTION TO ALTER OR AMEND JUDGMENT

---

On December 20, 2019, Italo T. Sanders pleaded guilty to possession with intent to deliver MDMA, commonly referred to as Ecstasy, in violation of 21 U.S.C. §§ 841 and 846 (Count One), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count Two), Case No. 19-CR-152. The Court imposed a substantially-below guideline sentence of two days on Count One and the mandatory minimum consecutive term of 60 months on Count Two. On May 3, 2021, Sanders filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. On April 4, 2022, the Court denied Sanders' motion. Before the Court is Sanders' motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). Dkt. No. 10. For the following reasons, Sanders' motion will be denied.

Rule 59(e) "allows the movant to bring to the district court's attention a manifest error of law or fact, or newly discovered evidence." *Bordelon v. Chi. Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000) (citation omitted). It does not, however, "provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Id.* (quoting *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996)) (internal quotation marks omitted). With this in mind, the Court turns to Sanders' arguments.

First, Sanders asserts that the Court committed a manifest error of law by relying on *McCleese v. United States*, 75 F.3d 1174 (7th Cir. 1996), to determine that he had not presented objective evidence to establish that, but for his counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Dkt. No. 10 at 2–3. He contends that *Lee v. United States*, 137 S. Ct. 1958 (2017), compels a different result. But *Lee* applied the same standard as this Court. Where a guilty plea has been accepted by a defendant, the Supreme Court noted that courts must consider "whether the defendant was prejudiced by the 'denial of the entire judicial proceeding . . . to which he had a right.'" *Id.* at 1965 (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000)). And where a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, "the defendant can show prejudice by demonstrating a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* (internal quotation marks and citation omitted). That is the precise standard that this Court applied. *See* Dkt. No. 8 at 5.

Sanders appears to take issue with the fact that *McCleese* requires *objective evidence* to establish a reasonable probability that Sanders would have insisted on going to trial. 75 F.3d at 1179. But nothing in *Lee* suggests that the requirement of such evidence is inappropriate. Furthermore, unlike in *Lee*, there is no "substantial and uncontroverted evidence" that backs Sanders' claim that he would not have pleaded guilty and would have insisted on going to trial. 137 S. Ct. at 1969. The only evidence Sanders introduced was his own self-serving statement, unaccompanied by any explanation for *why* he would have rejected the plea agreement. Because the Court applied the correct legal standard and did not disregard, misapply, or fail to recognize controlling legal precedent, Sanders is not entitled to relief on this claim. *See Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000).

Second, Sanders asserts the Court committed a manifest error when it determined that he failed to show that he "reasonably demonstrated to counsel that he was interested in appealing." *Roe*, 528 U.S. at 480. In its decision, the Court noted that Sanders, in his reply brief, asserted that he demonstrated an interest in appealing but that he did not explain what he did to demonstrate this interest to his counsel. Dkt. No. 8 at 8. Furthermore, the Court noted that the affidavit of Sanders' counsel did not indicate that Sanders ever demonstrated an interest in appealing. *Id.* To circumvent these defects, Sanders has submitted an affidavit with this motion, asserting that he told his counsel that he "should not have been convicted" and further asked his counsel "where do we go from here with my case?" Dkt. No. 10-1 at 2. But as described above, Rule 59(e) "does not allow a party to introduce new evidence or advance arguments that could and should have been presented" prior to the judgment. *Bordelon*, 233 F.3d at 529. The statements in Sanders' affidavit, ones that he allegedly made himself, were certainly known to him prior to this Court's judgment, and "could have and should have" been presented to this Court during the initial proceedings. *Id.* The Court will not consider the statements in Sanders' affidavit. Therefore, the Court did not commit a manifest error when it determined that Sanders failed to show that he reasonably demonstrated to counsel that he was interested in appealing.

**IT IS THEREFORE ORDERED** that Sanders' motion to alter or amend judgment (Dkt. No. 10) is **DENIED**.

Dated at Green Bay, Wisconsin this 11th day of May, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge